No. 10,971.

H. B. WHELAGE vs. WIDOW CHRISTINE LOTZ.

1. It is only *parol* evidence that is inadmissible, under the provisions of the code, to prove agency to sell real estate. It permits a power of attorney to be conceived in any kind of private writing, even by letter.

2. Notwithstanding the admissibility of such documents they must make clear and sufficient proof of the authorization to sell, without resort to any parol evidence to supply an ellipsis.

A PPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Frank Zengel* and *Henry P. Dart* for Plaintiff and Appellant.

*James C. Walker* for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J. This suit has for object to compel the defendant to execute title to real estate, and it is, therefore, petitory in character—the demand of the petition being that the defendant be condemned to a specific compliance with her agreement and to execute conveyance to the plaintiff of *two lots* of ground, with the buildings and improvements thereon, situated in the first district of the city of New Orleans, in the square bounded by Hunter, Tchoupitoulas, New Levee and Benjamin streets, " designated by the letters A and B, and measuring as follows, to-wit: Lot A, 69 feet front on Hunter street, by 48 feet in depth and front on Tchoupitoulas street; lot B, 26 feet front on Hunter street, by 48 feet in depth, between parallel lines; lot A forming the corner of Tchoupitoulas and Hunter streets, as will appear from the agreement to buy, hereto annexed as part of this petition."

The following is plaintiff's proposition, viz.:

." NEW ORLEANS, October 23, 1890.

" *Baumgarden & Friedrichs:*

" GENTLEMEN—I have a client who will give $3400 cash for the property corner of Tchoupitoulas and Hunter streets. See title for dimensions. Please submit this proposition to your clients and let me have an early offer. Yours truly, FRANK ZENGEL,

" *Attorney.*"

Messrs. Baumgarden & Friedrichs presented this communication to their client, the defendant, who wrote thereupon this indorsement, viz.:

" I accept the above proposition.

" MRS. J. C. LOTZ."

This proposition and its acceptance are the foundation of this suit.

The position of the defendant's counsel is, that the offer was only

to *sell* the "property corner of Tchoupitoulas and Hunter streets," and that it is described in plaintiff's petition as lot A; and the averment of her answer is, that her acceptance of plaintiff's offer did not include lot B, which she never contemplated selling, but which she expected always to reserve as her homestead, and which is subject to a special mortgage in favor of her minor children, to secure their interest in the succession of their father, and of which she has no power to divest them.

The main controversy in the lower court was in relation to the admissibility of testimony, the greater part of which was admitted over defendant's objection—the judge *a quo* ruling that the objections urged went to the *effect* of the evidence after it had been received.

Some of the testimony consisted of (1) a letter written by Baumgarden & Friedrichs to Frank Zengel, bearing date October 24, 1890, in reference to his proposition of the day previous, and connecting it with "the measurements and conditions of sale, as advertised in the New Orleans *Picayune*," at a certain time; (2) a printed form filled up authorizing Baumgarden & Friedrichs, to sell property corner of Tchoupitoulas and Market streets; (3) a receipt of Baumgarden & Friedrichs for $340, it being an advance of 10 per cent. on the price of *contemplated* purchase; and (4) the plan of the property as it was exhibited for sale by Baumgarden & Friedrichs. The principal ground of objection that was urged to this character of proof was that it was insufficient and inadmissible for the purpose of disclosing in Baumgarden & Friedrichs *authority to sell* real estate for the defendant; and insufficient for, and inadmissible to prove either a promise to sell, or a sale of real estate.

We agree with our learned brother of the lower court, both as to his opinion in reference to the admissibility of the testimony and his appreciation of it. It is only *parol* evidence that is inadmissible under the provision of the code to prove agency to sell real estate. R. C. C. 2992. Hockenburg vs. Gartskamp, 30 An. 898. Perault vs. Perault, 32 An. 635. That article especially sanctions the right of a party to conceive a power of attorney in any kind of a private writing, "even by letter," hence the *admissibility* of the writings that were offered in evidence. But they do not, of themselves, prove defendant's authorization to Baumgarden & Friedrichs. It may well be that they were authorized to sell for the defendant "the

property (at the) corner of Tchoupitoulas and Hunter streets." It may well be that those gentlemen, acting in perfect good faith un-der such an authorization, advertised in the *Picayune* the property as *one single property*. It may well be that the plaintiff, in making the offer he did, acted upon the information contained in that newspaper advertisement.

But, if all that be taken for granted, there remains an ellipsis to be supplied by *parol* proof, and that is the defendant's authorization to them to make sale of *two* lots. Not only is this the case, but such evidence tends to *enlarge* plaintiff's proposition, as well as to alter his averments.

On the whole we are of the opinion that the proof fails to disclose that *consentio mentium* necessary to constitute a contract binding between the parties, in respect to the object of sale.

Judgment affirmed.