(97 South. 599)

No. 23769.

NOBLE v. PLOUF et al.

(July 11, 1923.  Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⬷⟀312—**Documents filed in response to prayer for oyer control allegations.**

Where copies of documents on which action was founded were filed in response to de-fendant's prayer 'for 'oyer, they controlled when at variance with allegations of petition, and their legal effect must be considered and determined in passing upon exception of no cause of action.

2. **Principal and agent** ⬷⟀100(2)—**Mandate; lease by agent authorized to sell held null.**

Agent having power of attorney to sell acted in excess of her authority in executing lease and extension thereof, and her action was null and void unless ratified by her principals under Rev. Civ. Code, art. 3010.

3. **Principal and agent** ⬷⟀189(1)—**Mandate; party relying on ratification must allege essential facts.**

Where plaintiff relied on ratification of agent's lease and extension thereof, without which there was no contract, he was bound to allege all essential facts, including clear and unequivocal intention to ratify and knowledge of material facts, and action by principals in light of such knowledge, and general allegation that they ratified by accepting portion of consideration was insufficient.

4. **Evidence** ⬷⟀385—**Parol evidence not admissible to show agent's authority under power of attorney.**

Powers of attorney were best evidence of agent's authority, and parol evidence was inadmissible to contradict, vary, or alter their stipulations.

5. **Frauds, statute of** ⬷⟀116(5) — **Agency to sell or lease land cannot be established by parol.**

Under Rev. Civ. Code, art. 2992, parol evidence is inadmissible in any case to establish agency to lease or sell land.

6. **Frauds, statute of** ⬷⟀58(1)—**Rights under mineral lease cannot be established by, parol.**

Rights acquired under a mineral lease are immovables, and cannot be established by parol evidence.

7. **Principal and agent** ⬷⟀189(1)—**Mandate; allegation of estoppel respecting agent's authority held insufficient.**

Allegation of estoppel respecting agent's authority to make mineral lease covering her-own land and land of her principal's, arising from failure to protest drilling operations on the agent's own. lands, was insufficient where it did not show that the principals had knowledge of the lease or knew that such drilling was being done under its terms.

Dawkins, Overton, and St. Paul, JJ., dissenting.

154 LOUISIANA REPORTS

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Consolidated suits by Charles F. Noble against Mrs. Mary J. Plouf and others, Mrs. Mary Agnew and others, and Mrs. Eva G. Powell and others. From a judgment for defendants, plaintiff appeals. Affirmed.

E. W. & P. N. Browne, of Shreveport, for appellant.

Thigpen, Herold & Lee and Thatcher & Smitherman, all of Shreveport, for appellees.

ROGERS, J. The issues of these three suits being identical, except as to the defendants and the land involved, they were consolidated for the purpose of trial and appeal. This appeal is prosecuted from a judgment maintaining an exception of no cause of action in each suit.

The petition in each case alleges that on or about October 7, 1917, Mrs. Addie C. Pitts, Mrs. Nettie O. Hampton, Mrs. Mary J. Plouf, Mrs. Eva G. Powell, and Mrs. Mary Agnew (the last three parties being represented by Mrs. Hampton as agent) executed in favor of Thomas Ward an oil lease on land in the parish of Caddo, and that plaintiff's title to said lease is derived through mesne conveyances from said Ward.

The petition sets out the terms of the lease, which is alleged to have been in writing and recorded, and which is made part of the petition, and alleges, in paragraph eight, an extension dated May 14, 1918, which is also averred to be in writing and recorded, and which is also made part of the petition.

The petition, after averring the consent of Mrs. Plouf, Mrs. Powell, and Mrs. Agnew to the original lease and extension, and their acquiesence therein and ratification thereof by acceptance of a portion of all amounts forming the cash consideration of said agreements, sets out that each of the said parties has executed another lease upon the property, under which the second lessee has drilled oil-producing wells, and plaintiff, according-

ly, prayed for judgment annulling each second lease and to have his own lease recognized as a binding and subsisting obligation, with reservation of the right to sue for damages.

[1] In response to a prayer for oyer, plaintiff filed in court copies of all the documents upon which his action is founded. These documents, forming part of plaintiff's demand, are controlling wherever they are at variance with the allegations of the petition, and their legal effect must be considered and determined in passing upon the exception of no cause of action.

[2] It is shown by these exhibits that Mrs. Hampton had no authority whatever to execute in behalf of Mrs. Plouf, Mrs. Powell, or Mrs. Agnew the lease and extension to Ward. The powers of attorney under which she purported to act were express mandates to sell, and not to lease, the property owned by her principals. Mrs. Hampton, in executing the lease and extension, clearly exceeded her authority, and her action is null and void with regard to her principals unless ratified by them. R. C. C. art. 3010.

Plaintiff, evidently realizing the correctness of the legal proposition stated, specifically alleged that the said principals acquiesced in and ratified the lease and extension by accepting a portion of all amounts constituting the cash consideration thereof, and by openly stating to plaintiff and others that their said agent had full authority in their behalf to enter into said agreements and to sign their names thereto. He further alleged estoppel arising out of their failure to protest his drilling operations, to their knowledge, upon the lands of Mrs. Hampton.

Pretermitting consideration of the question of whether the various acts in pais and parol declarations alleged can affect the second lessees acting upon the public records, it is our conclusion that the district judge was correct in maintaining the exception of no cause of action.

[3] Inasmuch as plaintiff relies upon ratification of the lease and extension, and bearing in mind that before ratification there can be no contract, it was incumbent upon him to allege all the essential facts required to show such ratification. He must show a clear and unequivocal intention to ratify. Copeland v. Mickie, 17 La. 294; Rivas' Heirs v. Bernard, 13 La. 175. He must show a knowledge of the material facts by his principals, and action by them in the light of such knowledge. The general allegation that the principals ratified the lease and its extension by accepting a portion of all amounts forming the cash consideration for same is insufficient, and it cannot be extended to charge that the parties accepting had knowledge of the signing of the lease, of the material stipulations thereon, that the money received was part of the price, and that said ratification took place prior to the leases entered into with defendants holding subsequent leases, and other essential facts required to show a clear and unequivocal intention on the part of the principals to ratify the unauthorized lease and extension.

[4-6] Nor is the petition saved by the allegation that the said principals had openly stated to plaintiff and others that said Mrs. Hampton had full authority in their behalf to enter into the original agreement and to the extension thereof and to sign their names thereto. The powers of attorney are the best evidence on this point, and parol evidence would not only be inadmissible to contradict. vary, or alter their stipulations, but would be inadmissible in any case to establish the agency to lease the land.

Parol evidence cannot be received to establish an agency to sell land (R. C. C. art. 2992; Keary v. Ducote, 23 La. Ann. 196; Succession of Edwards, 34 La. Ann. 216; Whelage v. Lotz, 44 La. Ann. 600 [1]), nor the sale of a slave (Thatcher v. Walden, 5 Mart. [N. S.] 495), nor to lease real estate (Humphreys v. Brown, 19 La. Ann. 158). Rights acquired under a mineral lease are immovables, and cannot be established by parol evidence. Hanby v. Texas Co., 140 La. 190, 72 South. 933.

[7] In so far as the allegation of estoppel is concerned it may be said that there is nothing in the allegation which shows that Mrs. Plouf, Mrs. Powell, or Mrs. Agnew had knowledge of the lease of their and her property by Mrs. Hampton, and that plaintiff was drilling upon the property of Mrs. Hampton under the terms of said lease, and that said estoppel was prior to the dealing by the said principals with third parties. The allegation is insufficient to support the plea of estoppel.

Plaintiff's counsel cites a number of cases as supporting the sufficiency of their petition. In all of the cited cases, however, the party pleading ratification or estoppel was in possession and on the defensive. In the present case the allegations of the petition itself show that plaintiff never went into possession of the property, which is in the actual possession of the defendants.

Judgment affirmed.

DAWKINS, OVERTON, and ST. PAUL, JJ., dissent.

---

[1] 10 South. 933.