No. 556

First Circuit

———

BEAUMONT BLDG. MATERIAL CO. v. BARBE

———

(April 14, 1930.   Opinion and Decree.)
(May 6, 1930.   Rehearing Refused.)

———

Moss & Siess, of Lake Charles, attorneys for plaintiff, appellee.

Paul J. Barbe, of Lake Charles, attorney for defendant, appellant.

MOUTON, J. Plaintiff company sues defendant for $190.47 balance on account for building materials sold defendant by the Lake Charles Building Material Company, then a subsidiary of plaintiff company. Its assets were purchased by the Beaumont Building Material Company, plaintiff. The Lake Charles Building Material Company had been organized to carry on the business of plaintiff company in Lake Charles and vicinity.

B. F. Mitchell was the manager of the Lake Charles Company and Carroll Allen its bookkeeper.

Mitchell rented a house from Barbe, defendant, who was in debt to plaintiff com-

pany. The rent was at $35 per month. Barbe contends that, under the instructions of Mitchell to Allen, bookkeeper, the rent was credited on the account he had with plaintiff. He claims the rental thus due him by Mitchell during five months amounted in the aggregate to the sum of $105, which was credited on his account by Allen. He paid $84.76 to the attorneys of the plaintiff who had the claim of plaintiff for collection. His contention is that the balance of $105 was credited to his account, which constitutes, with the sum he paid the attorneys, a payment in full to plaintiff.

The record shows that Mitchell, the manager for plaintiff, had the authority to sell materials in the vicinity of Lake Charles, and was not invested with other functions. It is therefore apparent that he could not bind the Lake Charles Building Material Company by having the rent account he was incurring towards Barbe credited to the debt Barbe owed the company, as such an act was clearly beyond Mitchell's authority.

The contention of the defendant is that the amount of $105, thus credited to his account with the Lake Charles Building Material Company, was approved or ratified by the Beaumont Building Material Company, plaintiff.

The record shows that the two companies were owned by the same stockholders, and that the stock was prorated according to the stock held by the stockholders in the Beaumont Company. The fact is that the Lake Charles Company had been organized to carry on the business of the Beaumont Company in that locality, and was a mere subsidiary. It therefore follows from the relations which existed between the two companies that, though Mitchell could not bind plaintiff company by crediting Barbe's account, as before stated, still, if Mitchell's act was subsequently approved or sanctioned by plaintiff, it would be bound by ratification.

The solution of that question presents the sole issue in the case.

Allen, bookkeeper for the Lake Charles Company, says he credited defendant's account with Mitchell's rent, as he had been instructed by Mitchell. He says regular monthly reports of the accounts were mailed to the office at Beaumont. He testifies that Tubre, bookkeeper at Beaumont, examined these accounts, but that he could not say if he examined the personal account of Mitchell with the Lake Charles Company. There is likewise no testimony from Allen to show that the personal account of defendant, Barbe, came under Tubre's observation.

Tubre, on the other hand, testifies that the credits on defendant's account were first called to his attention after the business of the Lake Charles Company had been "closed out". Defendant refers to a statement, page 16 of the record, where this credit of $105 was charged to Mitchell's account. Tubre explains that this statement and other like statements were embodied in a circular letter sent out to the customers of the company, and had been taken as they stood on the books or records of the company at that time. It does not therefore appear from the foregoing facts that plaintiff company, through Tubre, had full knowledge of all the circumstances which led Allen, bookkeeper at Lake Charles, to make these credit allowances in favor of defendant. There is much less to show that plaintiff company, from the facts to which we have hereinabove referred, evinced clearly and unequivocally that it intended to adopt the act of Mitchell, the manager at Lake Charles, in

having its claim against defendant credited with his personal debt from which ratification on the part of plaintiff company might be inferred.

It therefore appears from the facts above referred to that there is a lack of the proof necessary to establish ratification by a principal of the acts of an agent who has gone beyond the limits of his procuration. C. C. art. 3010; Ward vs. Warfield, 3 La. Ann. 468; Copeland vs. Mickie, 17 La. 286; Rivas' Heirs vs. Bernard, 13 La. 159; Noble vs. Plouf, 154 La. 429, 97 So. 599.

It is also well settled that ratification may be inferred from the silence of the principal if he is apprised of the act of his agent done without or beyond his authority, and does not within a reasonable time express his dissent, but no such inference of ratification will be drawn, as is well said in Guimbillot vs. Abat, 6 Rob. 284:

"Where the act was not done in the name of the principal, nor apparently for his benefit, and the circumstances of the case sufficiently account for the silence of the principal without construing it as an acquiescence in the act."

Here, Mitchell, in having the bookkeeper at Lake Charles enter these credits on defendant's account, was certainly acting for his own advantage, and not for the benefit of his principal. His duty was to act in the interest of his principal, and not for his personal advantage.

The circumstances of this case, as was said in Guimbillot vs. Abat, 6 Rob. 284:

"Sufficiently account for the silence of the principal without construing it as an acquiescence in the act."

It was further said in that case that, when such a ratification is sought to be established by a third person, "it must clearly appear that he has been misled thereby, or induced to forego some advantage he would otherwise have enjoyed."

In the instant case, defendant, a third person, is attempting to establish the ratification without anything to show that he has been misled, or that he was induced to forego any advantage he would have otherwise been entitled to.

The judgment for the balance of account due by defendant is therefore correct, and is affirmed for the reasons aforesaid, with cost.