### LAMBRIGHT v. TANGIPAHOA PARISH SCHOOL BOARD.

No. 977.

Court of Appeal of Louisiana, First Circuit.

June 8, 1932.

Robert S. Ellis, Jr., Dist. Atty., of Amite, for appellant.

Rownd & Warner, of Hammond, for appellee.

LE BLANC, J.

Plaintiff was employed under contract with the defendant school board as teacher-coach at the Hammond High School for the term of nine months at a salary of $146.78 per month. The contract is dated June 16, 1930. We take it that the employment was for the school session of 1930–31.

On February 5, 1931, he was discharged after having been paid six months' salary. This suit was brought by him to recover the remaining three months which he claims as being due under the contract. The lower court rendered judgment for the amount claimed, $440.34, and the defendant has appealed.

Plaintiff alleged that his discharge was illegal, unauthorized under the law, and without just cause, without stating any facts that made it so. His pleadings in this respect were therefore purely conclusions of law which subjected his petition to dismissal on an exception of no cause of action. In paragraph 6 of his petition however, he alleges that on February 5, 1931, a special meeting of the Tangipahoa parish school board was held, at which a motion was adopted discharging him as a teacher in the Hammond High School. This allegation is followed by another which is to the effect that the action of the board in attempting to discharge him was unauthorized in law and was taken without his having been given an opportunity of a hearing. In view of these latter allegations, counsel for defendant prayed for oyer of the motion alleged to have been adopted by the school board on February 5, 1931, copy of which was produced and filed in the record. This copy shows that certain proceedings were had on that day relative to certain charges pending against plaintiff, and that "after some discussion by various members of the Board, Mr. Lambright was admitted to the office and was given a hearing," after which, a motion that the recommendation of the superintendent that he be discharged, was adopted.

Counsel for defendant· now contends that plaintiff is bound by the declarations of the document produced by him in answer to the prayer for oyer which show that he was given a hearing; that this document, now a part of the pleadings, controls the averments of the petition; and therefore plaintiff is without a cause of action.

It is urged that this contention is without merit, because, in the first place, plaintiff did not have to produce a copy of the document, the original of which was in the possession of the defendant, and, secondly, when it was produced it did not become part of plaintiff's petition.

Taking up the first reason mentioned, it strikes us that the question as to whether or not plaintiff did have to produce the copy referred to was a matter which should have been urged by him in defense of the rule for oyer. The fact that he did produce and file it makes it evident that he had such copy in his possession and was aware of its contents. As far as the record discloses, he produced and filed it voluntarily, knowing what was in it. This knowledge he was bound to have had when his petition was prepared for, and sworn to, by him, since in article 6 thereof he refers to some of the matter it contains and on which he would base his cause of action. We find no merit in the first contention.

We come now to the second point urged against the exception, which is to the effect that the document produced did not become part of plaintiff's petition, and which, we presume, is based on the ground that it was produced and filed in compliance with the order granted by the district judge on the application for oyer, in default of having his suit dismissed. It may be that under those circumstances, the document filed does not become part and parcel of the petition in the same sense that one attached and annexed thereto would have been; but nevertheless when so filed and its declarations are at variance with those contained in the petition, it controls the latter and its legal effect has to be taken into consideration and determined, in ruling on an exception of no cause of action. We quote the following from the body of the decision in the case of Noble v. Plouf, 154 La. 429–432, 97 So. 599:

"In response to a prayer for oyer, plaintiff filed in court copies of all the documents upon which his action is founded. These documents, forming part of plaintiff's demand, are controlling wherever they are at variance with the allegations of the petition, and their legal effect must be considered and determined in passing upon the exception of no cause of action."

Here, plaintiff's only cause of action, even if it be conceded that his averment to that effect is sufficient, is based on his allegation that the action of the school board was taken without giving him the opportunity of a hearing. He does not so allege it, but he had the right to such hearing under the provisions of Act No. 100 of 1922. When, however, he is made to produce the document referred to by him as evidencing such action on the part of the school board, he files a copy of the whole proceedings, which, on the contrary, show

that he was given the hearing which he avers he was denied, he does so at the risk of sacrificing his cause of action. Giving to this document the legal effect which it carries, we are forced to the conclusion that it is fatal to the plaintiff's petition and that the exception of no cause of action should be sustained.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be and the same is hereby set aside, annulled, and reversed, and it is now ordered that the exception of no cause of action be and the same is hereby maintained, and that plaintiff's suit be dismissed, at his costs in both courts.