## E. A. CARRERE & SONS v. MICHEL.*
### No. 14362.

Court of Appeal of Louisiana. Orleans.
Nov. 28, 1932.

Sidney Roos, of New Orleans, for appellant.

James C. Schillin, of New Orleans, for appellee.

WESTERFIELD, J.

Defendant appeals from a judgment awarding plaintiff a real estate commission in the sum of $375.

The defense is: First, that the petition discloses no cause of action; and, second, that the contract for the sale of the property, under which the commission is said to be due, was not validly executed.

The exception of no cause of action is based upon the failure of plaintiff to allege that at the time of the sale, for effecting which the commission is claimed, it was a duly licensed real estate agent according to the provisions of Act No. 236 of 1920.

The exception was overruled below, and the case was tried upon the merits without any attempt to establish that plaintiff was not properly authorized, a circumstance which, in view of the fact that the exception in this instance is leveled at insufficiency of allegation, is calculated to destroy the force of the exception, since; if maintained, the effect would be to cause a remand of the case to permit an amendment of the petition, and necessitate a retrial of a case fully tried. Incidentally we believe the language of plaintiff's petition "that on September 19, 1925, the said Nathan Rosenberg, submitted to petitioner which is a duly licensed real estate agent," is susceptible of the interpretation that plaintiff was properly authorized when the sale was made. But in any event we are of opinion that the exception should be overruled.

As to the second point relied upon by defendant, its determination depends upon a question of fact; the point at issue being whether the words "to be represented by note of purchaser" were placed in the contract for the sale of the property with the authorization of the defendant Michel, its owner. By consent of counsel, the record in the case of Nathan Rosenberg v. A. J. Michel, No. 160708 of the Civil District Court, has been offered in evidence, and it is agreed that this case is to be tried upon the testimony in that record. In that case Nathan Rosenberg sued the present defendant, A. J. Michel, for specific performance of the contract under which commission is claimed here; Michel having agreed to sell and Rosenberg to buy the property for a consideration of $7,500. The point at issue there, like the one here, concerned the validity of the contract of sale because of the insertion of the phrase we have quoted; the argument made there, as here, being that the alteration was unauthorized and in any event invalid because not in writing. Succession of Edwards, 34 La. Ann. 231; Whelage v. Lotz, 44 La. Ann. 600, 10 So. 933. But here the contract was in writing, and had been signed by defendant in blank, and the clause complained of, according to two eyewitnesses, inserted in the presence of the defendant. One of these witnesses testified that Michel said to him, "That fellow sold those lots—watch me make that damn Jew pay the commission"; and Michel did not contradict this witness. The district court

*Rehearing denied December 19, 1932. Certiorari denied by Supreme Court January 30, 1933.

ordered Michel to execute the sale, and, according to the testimony, we do not see how any other judgment could have been rendered. Subsequently, the price of real estate having declined considerably, the case was compromised and dismissed, but in the compromise agreement no mention was made of the real estate agent's commission.

A real estate agent is entitled to a commission when he has procured a purchaser willing and able to buy, and, in the instant case, the purchaser was willing, able, and anxious to buy, so much so that he instituted the unusual procedure for specific performance. Under the contract for the sale of this property, the seller agreed to pay a commission of 5 per cent., and we believe that it has been earned.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.