## SCHEXNAYDER v. UNITY INDUSTRIAL LIFE INS. CO.

### No. 1613.

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

Brumby & Bauer, of Franklin, for appellant.

Fernandez & Fernandez, of Franklin, for appellee.

LE BLANC, Judge.

This is a suit instituted to recover the sum of $300, the full face value of an industrial life insurance policy issued by the defendant company, on March 1, 1920. The plaintiff, the named beneficiary under the policy, is the mother of the deceased insured, Vilmore Schexnayder.

In her petition, plaintiff alleged that the policy contained a table of cash loans (based on multiples of $100) available after three full years' premiums would have been deposited; a table of paid-up insurance values (beginning at the end of the third year); and also a table of extended insurance (beginning at the end of the third year). She alleged that her son, the insured, had paid all premiums due and exigible under the policy up to and including the year 1928, and that because of that fact, the policy, by virtue of its own provisions, had automatically carried itself under its extended insurance feature, for a period far in excess of four years. She alleged further that her son, Vilmore Schexnayder, died on December 17, 1932, or within the four-year period of extended insurance, and consequently she was entitled to the entire proceeds thereof and to 6 per cent. per annum interest thereon from December 26, 1932, the date of demand, by reason of the failure of defendant to have paid her claim within sixty days, and she prayed for judgment accordingly. In the alternative, she prayed that in the event her demand for interest at the rate of 6 per cent. per annum be denied, that she recover the full amount of the policy with interest at 5 per cent. from date of judicial demand.

Plaintiff did not attach the policy of insurance to her petition, nor did she make it part thereof. Defendant's first plea therefore was for oyer of the policy. The court issued the order prayed for, and in accordance therewith, the policy was filed in the record.

Defendant filed no further pleadings, and in due course, judgment by default was taken, and within the usual delay same was confirmed and judgment read and signed in open court for the face value of the policy with 6 per cent. interest as prayed for by plaintiff. Defendant obtained an order of and perfected a suspensive appeal to this court, and the matter now is before us on an exception of no cause or right of action filed on its behalf.

Plaintiff has filed a motion to dismiss the appeal on the grounds: First, that the transcript lodged in this court is incomplete in that it does not contain a note of evidence or a statement of facts on which the judgment is based; and, second, that no error or errors of law appear on the face of the record. Inasmuch as the case appears before this court purely on a question of

law raised by the exception of no cause or right of action and which exception appears for the first time, we find no merit in the motion to dismiss, and the same is therefore overruled.

It is the contention of the defendant that now that the policy of insurance is part of the record, it controls all the pleadings in the case, and, basing plaintiff's cause of action on the policy itself, there are two reasons why the exception should be maintained: First it is urged that as plaintiff has chosen to present her claim on the third option granted under the policy, and as under a provision of the policy itself the election of the second or third options had to be evidenced by the issuance of a new policy in lieu of the original policy, it was necessary for plaintiff to negative the first and second options, before she could maintain her action on the third option which she has elected, and this she has failed to do in her petition. Second, it is urged that under the table of extended insurance contained in the policy, under which the claim is made, and in which the figures are at variance with the allegations of her petition, it appears that the period of extension had expired prior to the death of the insured, and there being no allegation made in the petition that the figures contained in the table in the policy are incorrect, nor any allegation of fraud or error, plaintiff is without a right or cause of action.

■■ It is a well-recognized rule in the law of pleading that where a document on which a cause of action is based is annexed to a petition, the allegations of which are at variance with the contents of the document itself, the contents of the document control the allegations of the petition. That is also the rule in case the document, though not annexed and forming part of the petition, is subsequently filed in the record in response to a prayer for oyer. We had occasion to apply this rule in the case of Lambright v. Tangipahoa Parish School Board, 142 So. 281, 282, and therein quoted from the case of Noble v. Plouf, 154 La. 429, 97 So. 599, as follows: "In response to a prayer for oyer, plaintiff filed in court copies of all the documents upon which his action is based. These documents, forming part of plaintiff's demand, are controlling wherever they are at variance with the allegations of the petition, and their legal effect must be considered and determined in passing upon the exception of no cause of action." In the present case, the policy of insurance filed in the record in response to defendant's prayer for oyer may well be said to be the demand itself. It must necessarily control the pleadings, and its legal effect has to be taken into account and determined in considering and passing on the exception of no cause of action.

■■ Looking to the policy itself, in construing its legal effect, we find that the first contention raised by the defendant under the exception of no cause of action finds its answer in one of its very provisions. Under the general heading "Guaranteed Benefits of this Contract," we note the following provisions under the subheading, "Automatically Non-forfeitable": "In the event the Insured has paid premiums for three or more years, and thereafter defaults in the payment of premiums and without having exercised any of the several options set forth in table of values, the Association will, *without any action on the part of the Insured,* grant the Third Option, (extended insurance) as set forth in table of values." (Italics ours.) The petition alleges, and it has to be taken as true for the purposes of considering the exception, that the insured had paid premiums for far more than three years before he defaulted. The exception itself, of course, excludes the idea that he exercised any of the options set forth in the table of values, since the complaint on which it is based is that the petition should have negatived an election of the first and second options. Under the circumstances therefore, and under the very terms of the provision quoted, without any action on his part, the third option, the one on which the demand is based, became automatically available, and it was unnecessary for plaintiff in her petition to have negatived an election on his part of the first or second options.

■ Regardless of that provision in the policy, it seems that the matter of the application of the reserves accumulated on an industrial life insurance policy is one that is governed by statutory law in this state, as the Supreme Court in the case of Watson v. Metropolitan Life Ins. Co., 183 La. 25, 162 So. 790, in holding that Act No. 193 of 1906 applied to industrial life insurance companies, decided that under the provisions of section 1 of the act such accumulated reserves, in the absence of the exercise of any option on the part of the insured, automatically applied to the payment of extended insurance.

On the first point urged, therefore, it is clear that the exception of no cause of action cannot be sustained.

The second ground on which the exception is based is, as already stated, that on the face of the policy itself which now controls the petition, the automatically extended period of insurance had expired before the death of the insured, and consequently there is nothing further due by the defendant under its very terms.

 The allegation of the petition, as we will recall, is that all premiums due and exigible under the policy had been paid up to and including the year 1928, and that by virtue of its own provisions, the policy had automatically carried itself under the extended insurance feature for a period "far in excess of four years." This, to say the least, was stating the period of extended insurance rather indefinitely, and defendant certainly was within its rights when it asked for a production of the policy itself. Looking at the table which forms part of the policy, we find that the extended insurance therein provided for only begins at the end of the third year of payment of premiums, at which period the extended time for the full face value of the policy is one year and one month. At the expiration of each year thereafter, the table shows the period of extended insurance, and when we reach the end of the eighth year we find that the insurance under the policy had been extended three years and eight months, instead of a period "far in excess of four years," as alleged in plaintiff's petition. As we have held that the provisions of the policy control the averments of the petition, we are bound to conclude that that was the period of extended insurance under this policy which carried it to the month of September, 1932. Unfortunately for the plaintiff in this case, the insured died only in December of that year, and consequently the extended insurance period had already expired by more than two months. In considering this exception of no cause of action, the court is controlled by the provisions of the policy on which plaintiff's suit is based, regardless of any allegations of the petition or offerings in the record to the contrary. Under the very terms of the policy, the period of extended insurance, which is the only ground on which she seeks recovery, having expired, we don't see how this plaintiff can maintain her action.

On this ground, the exception is good and will have to be sustained.

It is therefore, for the reasons stated, now ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby set aside, annulled, and reversed, and it is further ordered that there be judgment herein in favor of the defendant and against the plaintiff rejecting her demand and dismissing her suit at her costs.