BOYD v. J. C. PENNY CO., Inc.

No. 2109.

Court of Appeal of Louisiana. First Circuit.

April 10, 1940.

Rownd & Tycer, of Hammond, for appellant.

Eugie V. Parham, of New Orleans, for appellee.

OTT, Judge.

The plaintiff asks for damages in the sum of $1,532.98 which she claims to have sustained from wearing a dress purchased by her from defendant's store in Hammond on October 16, 1937, for which dress she paid the sum of $2.98. She alleges that the defendant company is engaged in the business of selling clothing and other wearing apparel; that the day following that on which she purchased the said dress, she wore the dress on an automobile trip, and about two hours after she put on the dress and while she was some distance from home, she began to feel a severe irritation and itching on all parts of her limbs and body which came in contact with the said dress; that by the time she returned home

some six hours later, her arms and neck and other parts of her body coming in contact with said dress were considerably irritated and she was suffering from severe and painful itching and burning sensations over her body.

She then describes her efforts in getting relief and the treatment prescribed by her doctor for the trouble which she alleges was caused by wearing the dress. According to her petition, the irritation of her skin was somewhat alleviated by the treatment after several weeks, but the trouble has not entirely disappeared.

She further alleges that she took the dress back to defendant's store two or three days after she had purchased it and showed the manager and other employees of the store the condition of her arms, and told them how other parts of her body were affected; that the manager of the store requested her to leave the dress with him in order that he might have it examined to determine whether or not the dress had anything in it that might have caused the injuries to her; that she has on numerous occasions asked for the return of said dress, but the defendant has failed and refused to return it; that because of its failure to return the dress or to inform her of the results of its examination of the dress, she is led to conclude that the dress contained some poisonous dye, or other poisonous substance which affected her as aforesaid.

She alleges that she is unable to state with certainty the cause of her suffering, except that it was from wearing said dress; that the defendant has knowledge of what poisonous dyes or other substances said dress contained and should be required to divulge this information to the court. The affirmative allegation is then made by plaintiff that the injuries which she sustained were caused "by the gross fault and negligence of said defendant in selling to your petitioner said dress, which petitioner alleges contained poisonous dyes, or other poisonous substances, as hereinabove set out, all in wilful disregard of the rights of petitioner."

The defendant filed an exception of vagueness and of no cause of action which exception was referred to the merits. In its answer, defendant admits selling plaintiff the dress but denies that the dress caused the alleged itching and skin irritation. The defendant avers that it gave plaintiff a due bill for the dress and offered to return the purchase price of the dress, which was refused; that the dress was examined by its chemists and was found to contain no poisonous substances; "that if there was or is any vice or defect in said dress, which is denied, your respondent avers that it did not and does not know of it."

A trial of the case resulted in a judgment rejecting plaintiff's demands. She has appealed.

We are not quite sure as to what is meant by the allegation in plaintiff's petition mentioned above to the effect that the defendant has knowledge of what poisonous dyes, or other poisonous substances, said dress contained and should be required to divulge this information to the court. If this allegation could be construed to mean only that the defendant ascertained that the dress contained poisonous substances after it had sold the dress and as a result of its examination of it, then we think that the exception of no cause of action is well founded. However, as this allegation might be construed to mean that the defendant knew of the contents of the dress at the time of its sale to plaintiff, we think this question of knowledge of the vices and defects in the dress on the part of the defendant should be determined on the merits.

■ The evidence shows that the defendant company sells large quantities of clothing and articles of wearing apparel at retail in its store in Hammond. The dress sold plaintiff was bought by the defendant along with large supplies of other dresses of a similar style and make from a manufacturer in the usual and regular course of defendant's business. If there were any defects and vices in this dress, or if it contained any injurious and deleterious substances that could have caused plaintiff's injuries, the defendant did not know of these at the time the dress was sold to the plaintiff, nor did it have any reasonable means of knowing or ascertaining before selling the dress that it contained any injurious or poisonous substances. It could hardly be contended that it was the duty of the defendant to have each one of the dresses which it purchased from a manufacturer analyzed and inspected for deleterious substances before offering the dresses for sale.

Under our interpretation of the law applicable to this case, we do not consider it necessary to determine whether the dress contained any injurious substances and that

the irritation and rash on plaintiff's body were caused by these deleterious and poisonous substances, for the reason that, if these facts be conceded, it is shown that defendant had no knowledge of any defects and vices of the article sold by it in the regular course of its retail business. Article 2531 of the Civil Code provides: "The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses."

And Article 2545 of the Civil Code provides: "The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."

These articles of the Code announce a principle of substantive law in this State that is clear and unambiguous. The liability of the seller who does not know of the vices and defects in the article sold is liable only for the return of the price and the expenses of the sale; the seller who knows of these vices and defects, on the other hand, is not only liable for a return of the price and expenses of the sale, but he is liable also for whatever damage these vices and defects in the thing sold might cause to the buyer and which damage was reasonably within the contemplation of the parties at the time of the sale.

The apparent departure from the principle in some of the decisions of our courts, arises not from a failure to apply the principle but from a rule of evidence which imputes knowledge to the seller of defects and vices in the articles which he sells under certain circumstances. For instance, in the case of Doyle v. Fuerst & Kraemer, Ltd., 129 La. 838, 56 So. 906, 907, 40 L.R.A.,N.S., 480, Ann.Cas.1913B, 1110, on which plaintiff relies in this case, the court held the seller of foods, such as chocolate and cakes, liable to a customer for damage sustained from eating the food sold, on the ground that the seller of such articles of food is presumed to know any unwholesome condition of the food. The court said in that case: "The principle which governs in this case is that every one ought to know the qualities, good or bad, of the things which he fabricates in the exercise of the art, craft, or business of which he makes public profession, and that lack of such knowledge is imputed to him as a fault, which makes him liable to the purchasers of his fabrications for the damage resulting from the vices or defects thereof which he did not make known to them and which they were ignorant of."

But there is no law or rule of evidence that would impute to the retailer of dry goods knowledge of latent vices and defects in articles of wearing apparel calculated to cause damage, particularly where, as in this case the seller did not fabricate or manufacture these articles. Coignard v. Woolworth & Company, La.App., 175 So. 123.

For the reasons assigned, the judgment is affirmed at the cost of the appellant in both courts.