243 So.2d 112 (1971)
Godfrey PELTIER, Plaintiff-Appellant,
v.
SEABIRD INDUSTRIES, INC., et al., Defendants-Appellees.
No. 3278.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1971.
Pugh & Boudreaux by Nick Gachassin, Jr., Lafayette, for plaintiff-appellant.
Caffery, Duhe & Davis by Jerry A. Oubre, New Iberia, Durrett, Hardin, Hunter, Dameron & Fritchie by Wallace A. Hunter, Baton Rouge, Davidson, Meaux, Onebane & Donohoe by J. J. Davidson, Lafayette, for defendants-appellees.
Before FRUGE, CULPEPPER and MILLER, JJ.
FRUGE, Judge.
This suit comes to us from a judgment sustaining an exception of prescription, to *113 a portion of a plaintiff's suit based on redhibition. Plaintiff has appealed. We affirm.
On November 16, 1967, Edward A. Dauterive sold to Godfrey Peltier a Seabird Motor boat, manufactured by Seabird Industries, Inc. Shortly after the sale, Mr. Peltier returned the boat to Mr. Dauterive for additional work. At that time, the bow rail was installed and the sending unit on the gasoline gauge was replaced, and the fuel line on the fuel pump to the carburator was replaced.
On March 15, 1968, in preparation for a fishing trip, Mr. Peltier filled his gas tank and tried to start his engine. An explosion occurred and the ensuing fire destroyed the boat. On March 13, 1969, Mr. Peltier filed a suit against Mr. Dauterive and the manufacturer for the loss of the boat. Mr. Dauterive filed an exception of prescription. Mr. Dauterive was the only witness to testify at the trial of the exception of prescription.
Mr. Dauterive was in the boating business but did not manufacture the boat. He sold the boat to Mr. Peltier on November 16, 1967. The boat was returned to his shop in January, 1968, while he was away. He checked into the boat and found that it had a defective gas line and the gas gauge did not work. These things were corrected along with some other minor repair work and the boat was returned to Mr. Peltier in January or February, 1968. Mr. Dauterive was certain the boat was not returned in March, 1968. Mr. Peltier did not present any evidence to indicate the date the boat was returned to him.
The plaintiff contends that since the suit was brought within one year of the accident which destroyed the boat, the plea of prescription cannot be maintained. He insists that the fire and explosion resulted from the defective condition of the boat; hence, that date is the last date at which the defect appeared and prescription did not begin until this defect reappeared. This suit is controlled by Civil Code Article 2534, which provides:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply were the seller had knowledge of the vice and neglected to declare it to the purchaser.
Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence."
Mr. Dauterive testified that he had no knowledge of defect in the boat at the time of the sale, and Mr. Peltier offered no evidence at the trial suggesting that Mr. Dauterive did in fact have knowledge of any defects in the boat.
The seller, who is not the manufacturer of the product involved, is not presumed to have knowledge of the vice or defect in the product itself. Boyd v. J. C. Penny Co., 195 So. 87 (La.App. 1st Cir. 1940). In this case, prescription began at the date of the sale. Mr. Dauterive was not the manufacturer of the boat nor had any knowledge of the defects at the date of the sale. This suit is prescribed under Civil Code Article 2534 having been instituted more than one year after the sale, unless it comes within an exception recognized by the jurisprudence.
In arguing that this case comes within such an exception, the appellant cites the cases of Hermeling v. Whitmore, 140 So. 2d 257 (La.App. 1st Cir. 1961); Brown v. Dauzat, 157 So.2d 570 (La.App. 3rd Cir. 1963); Motorola Aviation Electronics, Inc. v. Louisiana Aircraft, Inc., 172 So.2d 118 (La.App. 1st Cir. 1965); Prather v. Massey-Ferguson, Inc., 232 So.2d 80 (La. App. 3rd Cir. 1970). There is no merit to the appellant's argument, however. The first two cases cited are cases which *114 involved sellers who were also builders who had participated in the construction of the thing which had the redhibitory defect. The Motorola Aviation case involved a suit against the manufacturer who attempted to repair the thing. The last case, Prather v. Massey-Ferguson was a case which recognized an exception where the vendor delayed in delivery of the object but that is not the case here. The plea of prescription was properly maintained, this case not having fallen under an exception recognized by the jurisprudence.
For the foregoing reason, the judgment of the trial court is affirmed. The plaintiff-appellant to pay the cost of this appeal.
Affirmed.
MILLER, Judge (dissenting).
I would dismiss the appeal. Alternatively, I would reform the trial court judgment.
As I understand this decision, we hold that plaintiff's claim for a money judgment is presently before the trial court on the tort claim, but prescription bars plaintiff from recovering the amount sued for insofar as the claim is based on a redhibitory action.
I would dismiss the appeal as premature. The claim for the same money judgment is still before the trial court.
Paragraph 2 of LSA-C.C.P. Art. 1841 provides that:
"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment."
The trial court's judgment does not determine the merits of plaintiff's claim. Therefore, it is an interlocutory judgment. It is not an interlocutory judgment which may cause irreparable injury. Even though the exception of prescription was sustained, the case must be tried on the merits.
As noted in the official comments following LSA-C.C.P. Art. 2083:
"In many cases it is not easy to distinguish between which judgments are interlocutory and which are final."
To prevent piecemeal appeals and the resulting delays which prejudice all parties, I would dismiss this and similar appeals which affect only a part of the claim. The holding that a preliminary ruling dismissing one basis for a claim is a final judgment interrupts orderly proceedings in the trial court.
I cannot match the briefs filed by the parties (and the majority opinion) with plaintiff's allegations and the ruling of the trial court. The petition, the exception and the Trial Court judgment appear in full in an attached appendix.
Plaintiff did not seek restitution of the purchase price. He did not seek to rescind the sale alleging redhibition. The word "redhibition" first appears in the exception. The word does not appear in the trial court judgment.
Plaintiff sued in tort. He specifically pled "res ipsa loquitur". Alternatively he pled that "defendants breached the legal implied and contractual warranty they owed to petitioner." (Article X).
The judgment appealed does not state that petitioner's rehibitory action is dismissed. It sustained the "exception of prescription and strik(es) from plaintiff's petition all predicates for exceptors' liability except that set forth in Article 9 of said petition which sets forth the alleged negligence of exceptor, E. A. Dauterive, Jr." Plaintiff has lost the right to claim the doctrine of "res ipsa loquitur."
If plaintiff has only lost his right to prove a redhibitory action, then the trial court judgment should be reformed to so hold.
I respectfully dissent.
*115
 APPENDIX- A
"GODFREY PELTIER : SIXTEENTH JUDICIAL DISTRICT
 VERSUS : COURT
SEABIRD INDUSTRIES, INC., : NUMBER: 28700
 ET AL : PARISH OF IBERIA, LOUISIANA

PETITION FOR DAMAGES
The petition of GODFREY PELTIER, of full age and a resident of St. Mary Parish, Louisiana, with respect represents that:

I.
SEABIRD INDUSTRIES, INC., hereinafter referred to as "Seabird", a foreign corporation transacting business in the State of Louisiana and engaging in other acts and/or omissions which would confer jurisdiction of this Court in personam over said corporation under the provisions of R.S. 12:202; 13:3201 et seq and 13:3471 et seq; INSURANCE COMPANY OF NORTH AMERICA, a foreign insurance corporation authorized to and doing business in the State of Louisiana; EDWARD A. DAUTERIVE, JR. doing business as DAUTERIVE'S MARINE SERVICE, of the full age of majority and a resident of Iberia Parish, Louisiana, hereinafter referred to as "Dauterive"; and EMPLOYERS LIABILITY INSURANCE CORPORATION, a foreign insurance corporation authorized to and doing business in the State of Louisiana, are justly and truly indebted unto petitioner, jointly, severally and in solido, in the full sum of NINE THOUSAND, FIFTEEN AND 50/100 ($9,015.50) DOLLARS, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for this, to-wit:

II.
On or about November 20, 1967, petitioner purchased one Seabird V23 Supersport boat, bearing hull Number 23466, powered by a 160 horsepower Mercruiser engine, bearing engine Number 2232351, equipped with an outdrive bearing Number 2182905, and other accessories, and a Shoreline boat trailer, bearing Serial Number 4618743, from the said Dauterive for a consideration of Seven Thousand, Seven Hundred Sixty-five and 50/100 ($7,765.50) Dollars.

III.
That the said Dauterive had acquired said boat and accessories from Seabird, the manufacturer thereof.

IV.
That Seabird, as the manufacturer of said boat, and Dauterive, as the vendor, warranted to petitioner that said boat, equipment and attachments was free from all defects, including but not limited to faulty design, construction and assembly; said warranty being both legal and conventional that said boat, equipment and attachments was fit for the purpose for which it was intended.

V.
That shortly after its purchase by petitioner, said boat developed one or more gas leaks and had other defects that the said Dauterive agreed and contracted to repair and/or replace.

VI.
That in accordance with arrangements made, the boat was returned to Dauterive's sales and repair shop at New Iberia, where on information and belief, petitioner alleges *116 that changes, corrections, modification and repairs were made, and said boat was returned to petitioner's home by the said Dauterive, reportedly ready for use.

VII.
That on March 15, 1968, in preparation for a fishing trip, petitioner filled the gas tank (56 gallon capacity) which is concealed under the floorboard; thereafter petitioner tried to start the engine and found that it would not run. When in the process of trying to determine the trouble, there was an explosion and fire in the vicinity of the engine, causing said boat and trailer to burn and be destroyed, resulting in a loss to petitioner of SEVEN THOUSAND, SEVEN HUNDRED SIXTY-FIVE AND 50/100 ($7,765.50) DOLLARS.

VIII.
In view of the above, petitioner especially pleads and relies on the doctrine of "res ipsa liquitur".

IX.
Alternatively, petitioner alleges that the explosion, fire and burning of said boat and trailer was due to the gross and wanton negligence of defendants, Seabird and Dauterive, which negligence consisted principally, but not exclusively, of the following, to-wit:
(a) In using defective and/or inadequate parts, equipment and fittings in the construction of said boat and improper workmanship;
(b) In improperly assembling said parts, equipment and fittings;
(c) In failing to adequately and properly test the parts, equipment and fittings installed in said boat;
(d) In failing to properly repair and/or replace all of said defective equipment, supplies and fittings;
(e) In failing to properly inspect and test the entire boat after it was repaired;
(f) In failing to warn petitioner of the danger involved under all of the circumstances;
(g) In failing to provide proper workmanship in the performance of the agreement to repair said boat;
(h) In failing to do what they should have done and to see what they should have seen.

X.
Further in the alternative, petitioner especially avers that said defendants breached the legal implied and contractual warranty they owned to petitioner.

XI.
That in addition to the above loss, petitioner sustained physical pain, mental anguish, humiliation, embarrassment, loss of time, income and other expenses as a direct result of the explosion, fire and destruction of his boat, having a reasonable monetary value of ONE THOUSAND, TWO HUNDRED FIFTY ($1,250.00) DOLLARS.

XII.
That at all times pertinent hereto, defendant, INSURANCE COMPANY OF NORTH AMERICA, was the liability insurer of defendant Seabird by virtue of a policy of insurance issued to it which was in full force and effect and is, therefore, liable to petitioner herein jointly with said Seabird.

XIII.
That at all times pertinent hereto, defendant, EMPLOYERS LIABILITY INSURANCE CORPORATION, was the liability insurer of defendant Dauterive by virtue of a policy of insurance issued to it which was in full force and effect and is, *117 therefore, liable to petitioner herein jointly with the said Dauterive.
WHEREFORE, premises considered, petitioner prays that defendants be served with certified copies of this petition and cited to appear and answer same; that after the lapse of legal delays and due proceedings had, there be judgment herein in favor of petitioner, GODFREY PELTIER, and against defendants, SEABIRD INDUSTRIES, INC., INSURANCE COMPANY OF NORTH AMERICA, EDWARD A. DAUTERIVE, JR. and EMPLOYERS LIABILITY INSURANCE CORPORATION, jointly, severally and in solido, in the full sum of NINE THOUSAND, FIFTEEN AND 50/100 ($9,015.50) DOLLARS, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings;
And for all general and equitable relief, etc."
 APPENDIX - B
"GODFREY PELTIER : NO. 28,700
 VS. : 16TH JUDICIAL DISTRICT COURT
 SEABIRD INDUSTRIES, INC., : PARISH OF IBERIA
 ET AL : STATE OF LOUISIANA

PEREMPTORY EXCEPTION OF PRESCRIPTION
Now into court, through undersigned counsel, come EDWARD A. DAUTERIVE, JR., d/b/a Dauterive's Marine Service, and EMPLOYERS' LIABILITY INSURANCE CORPORATION, sought to be made defendants herein, who, reserving all right to further except or plead herein, except to plaintiff's petition on the following grounds:
Plaintiff's petition, on the face thereof, shows that the sale of the vessel in question occurred much more than one year prior to the institution of the suit and, therefore, insofar as said petition attempts to assert a cause of action in redhibition the same is prescribed by the prescription provided by Civil Code Article 2534.
WHEREFORE, exceptors pray that this exception be maintained and that, accordingly, there be judgment herein in favor of defendants, Edward A. Dauterive, Jr., d/b/a Dauterive's Marine Service, and Employers' Liability Insurance Corporation, rejecting plaintiff's demands at plaintiff's cost."
 APPENDIX-C
"GODFREY PELTIER : NO. 28,700
 VS. : 16TH JUDICIAL DISTRICT COURT
SEABIRD INDUSTRIES, INC : PARISH OF IBERIA
 ET AL : STATE OF LOUISIANA

JUDGMENT SUSTAINING PEREMPTORY PLEA OF PRESCRIPTION
The peremptory exception of prescription filed herein by E. A. Dauterive, Jr., doing business as Dauterive's Marine Service, and Employers' Liability Insurance Corporation was heard on April 24, 1970. Present were Nicholls Pugh, Jr., attorney for plaintiff, and Caffery, Duhe & Davis, attorneys for exceptors. After hearing the pleadings, evidence and arguments of counsel, *118 and the matter having been submitted to the court for adjudication, the court considering the law and the evidence to be in favor of exceptors, for the reasons contained in the written opinion of this court dated May 11, 1970:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of exceptors, E. A. Dauterive, Jr., doing business as Dauterive's Marine Service, and Employers' Liability Insurance Corporation, and against plaintiff, Godfrey Peltier, sustaining exceptors' exception of prescription and striking from plaintiff's petition all predicates for exceptors' liability except that set forth in Article 9 of said petition which sets forth the alleged negligence of exceptor, E. A. Dauterive, Jr.
JUDGMENT READ AND SIGNED in open court at New Iberia, Louisiana, on May 15, 1970."