STOULIG, Judge.
This is an appeal from a judgment maintaining an exception of prescription filed by the defendant Roig’s Paint & Supplies, Inc. (Roig’s), against appellant’s action in redhibition. We affirm the judgment of the trial court.
The undisputed facts in this matter are that the plaintiff was personally undertaking the renovation of a multiple dwelling which he owned. Upon the recommendation of a representative of the codefendant, Napko Paint Company .(Napko), appellant on April 21, 1970, purchased from Roig’s (a retail outlet) a Sheetrock undercoat tex-turing material manufactured by Napko and bearing the tradename “Tuf-Tex”. On or about June 29, 1970, certain defects in the painted Sheetrock walls became apparent to appellant resulting in the filing of this suit against both the retailer and the manufacturer for damages allegedly caused by the defective materials.
The specific nature of the alleged vices and damages claimed can best be ascertained from the allegations of plaintiff’s petition, which we quote in part:
“8.
A more complete examination of the sheetrock walls revealed to petitioner that the undercoat texture, a Napko product known as Tuf-Tex and sold to petitioner by Roig’s, was defective and was quickly turning to a chalky mixture with no adhesive quality, and the paint which had been applied thereto was beginning to peel in many places, particularly where any object struck the wall with even slight force.

10.
Petitioner further avers that in order to repair the interior to a condition such as it should have been in the absence of defective materials will require extensive work in removing all paint and texture from the sheetrock, and the complete redoing of the interior in a workmanlike manner, all of which is calculated to cost *263 THIRTEEN THOUSAND FOUR HUNDRED SEVENTY-FIVE AND 54/100 ($13,475.54) DOLLARS.
11.
Petitioner further avers that he hired used [sic] and applied the Napko products in strict accordance with directions and instructions of Napko and according to accepted methods of work in that field in this area and that the failure of the Napko materials was due entirely to the defective materials manufactured or distributed by Napko and sold to petitioner by Roig’s, and that petitioner would not have purchased and used the said Napko products had he known of the defects.”
Appellant instituted this suit on June 23, 1971, more than a year from the date of the sale (April 21, 1970) hut less than one year from the discovery of the defect (June 29, 1970).
It affirmatively appears from the pleadings that there are no allegations of negligence or breach of contract asserted against Roig’s. Obviously the petition, as it relates to Roig’s, must be treated as one sounding in redhibition (LSA-C.C. art. 2520), otherwise it states no cause of action.
To avoid being vulnerable to an exception of prescription, a redhibitory action must be commenced within one year, to be compitted in accordance with LSA-C.C. arts. 2534 and 2546. The claim is barred by prescription of one year from the date of sale unless the seller had knowledge of the vice, in which instance the one-year period commences from the date of the discovery of the defect. Walton v. Katz & Besthoff, Inc., 77 So.2d 563 (La.App. 4th Cir. 1955).
Since the petition does not allege any knowledge or concealment of the vice by Roig’s, it necessarily follows unless knowledge of these defects can be legally imputed to it the prescriptive period of one year from the date of the transaction shall govern. In the case of Peltier v. Seabird Industries, Inc., 243 So.2d 112, 113 (La. App. 3d Cir. 1971), the court stated :
“The seller, who is not the manufacturer of the product involved, is not presumed to have knowledge of the vice or defect in the product itself. Boyd v. J. C. Penny Co., 195 So. 87 (La.App. 1st Cir. 1940). * * *”
It also cites with approval the case of Boyd v. J. C. Penny Co., 195 So. 87 (La. App. 1st Cir. 1940), wherein it was ennun-ciated at page 89:
“ * * * [T]here is no law or rule of evidence that would impute to the retailer of dry goods knowledge of latent vices and defects * * * particularly where, as in this case the seller did not fabricate or manufacture these articles. * * * ”
It follows that Roig’s cannot be charged with concealing the “vice of the thing” within the contemplation of LSA-C.C. arts. 2545 and 2546, either by the pleadings or legal imputation. Therefore the appropriate prescriptive period is that of LSA-C.C. art. 2534, one year from the date of sale. Accordingly, as against the defendant Roig’s Paint & Supplies, Inc., this action sounding in redhibition having been brought more than one year from the date of the sale is prescribed.
For the foregoing reasons, the judgment maintaining the exception of prescription is affirmed. All costs are to be borne by the appellant.
Affirmed.