349 So.2d 346 (1977)
TCHOUPITOULAS, INC.
v.
Jeanne S. McCULLOUGH et al.
No. 8240.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
Rehearing Denied September 8, 1977.
Writ Refused October 14, 1977.
Edwards, Porteous & Lee, Marion F. Edwards and Daniel R. Martiny, Gretna, for plaintiff-appellee.
Joseph V. Bologna, New Orleans, for defendants-appellants.
Before LEMMON, BOUTALL and SCHOTT, JJ.
LEMMON, Judge.
Defendants, the two co-owners of certain immovable property, have appealed from a judgment ordering specific performance of a contract to sell the property to plaintiff corporation. In the trial court defendants resisted the suit principally on the basis that there was no written authority by the corporation, as of the date of the alleged contract, authorizing the corporation's representative to execute the contract. Defendants further contend that the authority of the representative of a corporation must be attached to the contract to sell immovable property.
We agree with defendants' basic reasoning that if the corporation is not bound at the time a contract is executed, the other party also is not bound, and the corporation is not entitled to specific performance. Jackson Brewing Co. v. Canton, 118 La. 823, 43 So. 454 (1907). We also agree that the contract to sell is one which affects title to immovable property and must be in writing, C.C. arts. 2275 and 2276, and that the mandate authorizing the agent *347 to buy or sell immovable property must be express and special, C.C. art. 2997, and must also be in writing. Centanni v. A. K. Roy, Inc., 258 So.2d 219 (La.App. 4th Cir. 1972).
We disagree, however, that the corporation's representative's written authority must be attached to the contract to sell. In Standard Oil Co. v. Evans, 218 La. 590, 50 So.2d 203 (1950) the court upheld the validity of a contract of sale when the corporation's resolution was filed in the parish notarial records. Therefore the key inquiry as to the validity of this corporation's contract to sell is whether the representative's written authority existed at the time of execution of the contract and not whether that written authority was actually attached to the contract.[1] Furthermore, extrinsic evidence, although not admissible to vary or alter the terms of the written contract or of the written authority, may be used to establish the existence of the written authority at the time of execution of the contract, because such evidence merely corroborates the date shown on the written authority.
On the basis of this background discussion we proceed to determine whether the record establishes that written authority existed on the day the contract was executed.
Hilbert Loeb, secretary of plaintiff corporation which buys and sells real estate, testified: He was informed by an agent on November 5, 1975 that the subject property was for sale; he examined the property that day and met with the other two directors of the corporation (his wife and son) for dinner at his home; the directors authorized him to contract for the purchase of the property, and the minutes were transcribed the same evening, as well as a resolution authorizing the purchase; around noon the following day (November 6) he executed an offer to purchase, the offer to remain open only through midnight (apparently because, as the agent testified, another offer was pending); and the next morning (November 7) the agent brought the accepted offer, and he gave a corporation check for the deposit.
The trial judge apparently found that written authority existed when Loeb executed the contract. Although Loeb's son equivocated as to the details of the confection of the written authority and a contrary conclusion could reasonably have been reached under the facts and circumstances in this record, it is properly the function of the trial court to make such credibility determinations, and we find no manifest error.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff's counsel stated the underlying problem in this case in the following statement to the trial judge:

"This is a family corporation and they can make resolutions any time they wish and they can come in here and say that a resolution was made on November the 4th or the 5th or any time they want to."