SCHOTT, Judge.
Plaintiff is the lessee of some land in Jefferson Parish owned by defendants, Mrs. Jeanne L. Schroeder and her two daughters (hereinafter collectively referred to as Mrs. Schroeder) by virtue of a written lease made on November 7, 1974. The lease contained the following:
“Lessors reserve unto themselves the right to terminate this lease provided a bona fide purchaser of the premises as described hereinafter shall desire to cancel said lease. Lessors shall give one hundred and fifty (150) days written notice to Lessee of their desire to sell said premises, and Lessee shall have ninety (90) days in which to match said bona fide offer in the event it desires to purchase the premises. The tenant covenants to execute, acknowledge and deliver a surrender of this lease within ninety (90) days from the service or mailing of said notice in the event a sale to a third party is consummated and, in such event, Lessee shall receive a prorata refund of any rental payment hereunder.”
On July 26,1976, Mrs. Schroeder received an offer to purchase the property from defendant J. L. Sand Company, Inc. (hereinafter Sand) on terms of $140,000 cash, the act of sale to be passed on or before April 30, 1977, and requiring a cash deposit of $5,000 upon acceptance by Schroeder. On July 26 Schroeders’ attorney sent a letter to plaintiff at the address designated for' plaintiff in the lease by registered mail, return receipt requested, advising him as follows:
“According to the terms of the batture lease with you dated Nov. 7,1974, you are hereby notified of owners desire to sell this batture property, and you are hereby given 150 days notice of their desire to sell same.
“I attach to this notice a copy of a bona fide offer to purchase, which has been accepted by owners, subject to the lease agreements with you and your rights thereunder.
“According to the terms of the lease (paragraph 5, page 3) I shall within 90 days of this notice, expect from you a matching offer to purchase, or a surrender of your lease and an agreement terminating said lease. The termination to be effective on the day of act of sale to the third party, said sale shall pass not less than 150 days from the date of this notice.
“Please contact us at your earliest convenience so that this matter may be consu-mated (sic).”
In response thereto the attorney who was then representing plaintiff but who, on May 13, 1977, was replaced by present counsel, addressed the following letter to Schroeder’s attorney on August 9, 1976:
“Your letter of July 26,1976 addressed to Mr. Foret has been forwarded to us and we have had an opportunity to discuss with Mr. Foret his intentions in the matter.
“At this time Mr. Foret has indicated to us a desire to match the offer to purchase and to take title in his own name. “Under the provision of the lease, he has 90 days in which to formally match the offer. Mr. Foret has indicated to us that he is making arrangements at this time and should be back in touch with us within the next two weeks in order to commence the procedure for formalizing his decision. We will be communicating with you further at that time and in the event that we can supply any further information to you prior to that time kindly feel free to call.
“Mr. W. F. Denkman of our office will be handling this matter and we suggest that you communicate with him after his return from vacation on August 17, 1976.”
On October 28, 1976, plaintiff’s attorney delivered to Schroeders’ attorney an agreement dated and signed by plaintiff on October 23, 1976, to purchase the property for *1239 $140,000, the sale to be passed on or before April 30,1977, and calling for a cash deposit of $5,000, together with a check drawn by plaintiff to the order of his then attorney, dated October 22, 1976, and endorsed and made payable to Schroeders’ order. On November 2 the offer and check were returned to plaintiff, and he was informed that his offer was too late since it was beyond the 90 day deadline given him in the lease to make a matching offer. This suit followed on November 12.
Plaintiff sought injunctive relief against defendants from executing a purchase and sale of the property and requiring Schroeder to transfer the property to him. The rule for a preliminary injunction was tried on December 2, 1976. In pleadings and at trial plaintiff took the position that his offer of October 28 was timely because, while it was sent to him on July 26 he did not have notice of Sand’s offer until July 31. On January 3,1977, that rule was dismissed by the trial judge, and although the appeal was never perfected with the posting of the necessary bond, and that judgment became final. On March 21, 1977, defendants moved for a summary judgment, seeking a dismissal of plaintiff’s suit, and oppositions were filed by plaintiff on April 15 in which reliance was again placed on the October 28,1976, attempt to make a matching offer. On May 13, 1977, present counsel came into the case and filed a supplemental opposition to defendants’ motion for summary judgment along with a supplemental and amended petition in which, for the first time, plaintiff took the position that the letter of August 9, 1976, constituted a matching offer in compliance with the lease. The motion for summary judgment was denied and the case proceeded to trial on February 21, 1978. On May 4, 1978, the trial judge rendered judgment in favor of plaintiff, ordering defendants to convey the property to him pursuant to the offer. From that judgment defendants have appealed.
In his reasons for judgment the trial court found that the August 9 letter, various conversations between plaintiff and his lawyers at that time and evidence that plaintiff was arranging for a loan to purchase the property were sufficient to show that plaintiff intended to purchase the property and he conveyed his intentions to his then attorneys. The court held that the August 9 letter constituted an acceptance in accordance with the lease terms and conditions.
In this court, defendants filed an exception of no cause of action to plaintiff’s petition because plaintiff failed to allege that his attorney was authorized in writing to make an offer to purchase the property from defendant. Plaintiff moved to strike this exception, but we have denied that motion since LSA-C.C.P. Art. 2163 specifically authorized the filing of a peremptory exception in the Court of Appeal under the circumstances.
Defendants’ exception is based primarily on the well established proposition that the mandate authorizing the agent to buy or sell immovable property must be in writing and an agreement to buy and sell immovable property must likewise be in writing. Tchoupitoulas, Inc. v. McCullough, 349 So.2d 346 (La.App. 4th Cir. 1977). Obviously, if plaintiff was not bound by his attorneys’ verbal representations and the letter of August 9 neither could defendants be bound. Defendants’ position seems identical to that upheld by the court in Paul Voisin Corp. v. Torrey, 271 So.2d 624 (La.App. 1st Cir. 1972) writs refused, 275 So.2d 780. Thus, defendants’ exception appears to be meritorious.
At the trial of the case evidence was elicited without objection by defendants from plaintiff’s former attorneys that they did not have written authority from plaintiff to send the August 9 letter. Plaintiff would have us disregard this evidence and this issue because it was not raised in the pleadings by defendants and was not even mentioned until the matter came to this court. It appears that these objections are answered by C.C.P. Art. 1154’s provisions that when issues not raised by the pleadings are tried by consent of the parties they shall be treated in all respects as if they had *1240 been raised by the pleadings and Art. 2164’s broad definition of the scope of an appeal. Nevertheless, we need not decide the case on this issue because the August 9 letter, even if valid under principles of mandate, was not sufficient to constitute an exercise by plaintiff to make a matching offer to purchase defendants’ property.
The quoted lease provisions provided plaintiff with “ninety (90) days in which to match said bona fide offer in the event it desires to purchase the premises.” The August 9 letter is no more than a vague expression of plaintiff’s desire to purchase. It simply does not purport to match Sand’s offer no matter how it is read. Plaintiff speaks of the letter as being an exercise of his option and an acceptance of defendants’ offer to sell, and the trial judge also spoke of the letter as some sort of acceptance of an offer he found to be made by defendants in the lease itself. But the terms of the lease simply do not support such an interpretation. The words are plain and unambiguous, they required plaintiff to make a firm, definite and clear offer to purchase the property from defendants on the same terms which Sand had made. The August 9 letter did not meet this requirement.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendants, Mrs. Jeanne L. Schroeder, Jeanne Lee Schroeder Sanders and Alma Lois S. Waguespack and J. L. Sand Company, Inc., and against plaintiff Clarence P. Foret, dismissing his suit at his cost.
REVERSED AND RENDERED.