LEAR, Judge.
This matter arose as a suit to rescind the sale of a desk. In March, 1977, plaintiff purchased from defendant a desk described as a solid walnut English partner’s desk. The desk was covered by a thick layer of black paint or lacquer and when stripped was found to be neither solid nor walnut, but veneer.
Plaintiff’s witnesses, as well as plaintiff, testified that defendant represented the desk to be solid walnut, defendant denies that he did so. The trial court accepted the testimony of plaintiff and his witnesses and rescinded the sale, but denied damages and attorney fees on the basis that defendant did not know of the defects.
In written reasons for judgment, the trial court found the facts to be as follows:
“In early 1977, plaintiff purchased a desk from defendant for the total price of $700.00, plus 6% tax, making a total of $742.00. Plaintiff paid $503.50 by check and used a cigar case for trade, the cigar case being valued at $238.50. Plaintiff had wanted to purchase a solid walnut English partner’s desk. The desk in question was covered by a thick layer (or layers) of paint or lacquer. Defendant assured plaintiff that the desk was solid walnut, of the Federalist Period and that its value would be enhanced if it were stripped and refinished.
“A drawer of the desk was taken to Wayne J. Barker for stripping. Barker told plaintiff that the drawer was probably mahogany. About two weeks later, plaintiff brought the desk to Barker for stripping. Upon stripping, it was found not to be solid and not to be walnut. The black lacquer or paint had been used to cover up the numerous holes and patches in the veneer. Also covered were the dowel marks. The defects make the desk useless for the purpose for which it was intended. The desk was not worth having refinished. Plaintiff would not have purchased this desk if he had known of its defects.
“On discovering the condition of the desk, plaintiff moved it to his home where it remains. A tender of the desk was made by plaintiff to defendant, to no avail.
“If the desk has suffered any damage or loss, it is the fault of the defendant, not the plaintiff. Plaintiff relied on the representations of the defendant. However, the fact that the defendant misrepresented the desk as being solid walnut, does not mean that defendant had knowledge of the hidden defects. Thus, the court cannot make an award to plaintiff for damages and attorney’s fees.”
Judgment was then rendered in favor of plaintiff and against defendant for the amount of the purchase price, together with One Hundred Six and No/100 ($106.00) Dollars for the cost of stripping the desk.
A careful reading of the record does not indicate that the trier of facts made manifest error.
Therefore, the judgment will be affirmed, appellant to pay all costs of this appeal.
AFFIRMED.