398 So.2d 114 (1981)
Julian R. RIDER et al., Plaintiffs-Appellees,
v.
Carl J. LeCOMPTE et al., Defendants-Third Party Plaintiffs-Appellees.
No. 8087.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
George L. Carmouche, Lake Charles, for defendants-third party plaintiffs-appellees.
Joseph W. Greenwald, Shreveport and John LaVern, Lake Charles, for plaintiffs-appellees.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOUCET, Judge.
This is a redhibition suit. The plaintiffs, Julian and Patsy Rider filed suit against the defendants, Carl and Helen LeCompte, seeking a reduction of the purchase price of a house. The LeComptes filed a third party demand against their vendors, Stephen and Brenda Parker. The Parkers filed an exception of one year prescription which was referred to the merits. After trial on the merits, the trial court overruled the Parkers' exception and held for the Riders against the LeComptes. The trial court also held for the LeComptes against the Parkers. The Parkers have perfected this suspensive appeal from that portion of the trial court's decision overruling their exception of prescription. We reverse in part and affirm in part.
The sole question on appeal is whether or not the LeComptes' third party demand against the Parkers was prescribed.
In November of 1977, the Riders purchased a house from the LeComptes. The LeComptes had purchased the house from the Parkers in January of 1977. The Parkers had purchased the house from their vendor some time in 1976. Some time after January 5, 1978, the Riders began to notice some severe leaks in the roof of the house. Several attempts were made to repair the roof but the Riders eventually had to replace *115 the roof of the house. On October 2, 1978, the Riders filed this suit against their vendors, the LeComptes. On January 5, 1979, the LeComptes filed their third party demand against the Parkers. The Parkers then filed an exception of prescription. The trial court determined that the action had not prescribed because the third party demand was filed within one year of the discovery of the defect by the Riders.
The Parkers contend that because the third party demand was made against them more than one year after they sold the house to the LeComptes, the LeComptes' action in redhibition had prescribed under LSA-C.C. Art. 2534 because they were good faith vendors and therefore an action in redhibition against them prescribes in one year from the date of the sale. The LeComptes contend that the running of prescription did not commence until the time the defect was discovered. LSA-C.C. 2546.
Louisiana's time limitations for actions in redhibition are provided by Civil Code Articles 2534 and 2546. Article 2534 provides in pertinent part:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser."
Article 2546 provides:
"In this case, the action for redhibition may be commenced at anytime, provided a year has not elapsed since the discovery of the vice."
The vendor, who is not the manufacturer of the thing involved, is not presumed to have knowledge of the vice or defect in the thing itself. Boyd v. J. C. Penney Co., 195 So. 87 (La.App. 1st Cir. 1940); Peltier v. Seabird Industries, Inc., 243 So.2d 112 (La. App. 3rd Cir. 1971). Therefore, because the Parkers were not the manufacturer or builder of the house involved in the instant case, prescription commenced to run from the time of the sale of the house to the LeComptes unless it is proved that the Parkers actually knew of the vice. See Peltier v. Seabird Industries, Inc., supra; Horil v. Napko Paint Company, 270 So.2d 261 (La. App. 4th Cir. 1972).
Although the party pleading prescription generally has the burden or proving same, where prescription has tolled on the face of the petition, the buyer bears the burden of showing the claim has not prescribed. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979).
The appellate review of the facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the entire record reveals that the trial court was clearly wrong on the issue of prescription.
There is no evidence in the record to indicate that the Parkers knew of the defect in the house. The house never leaked while they owned it. They are not presumed to know of the defect because they were not the builders of the house. Because the LeComptes' third party demand against the Parkers was not filed until January 5, 1979, more than one year from the date the Parkers sold the house to the LeComptes, the third party claim has prescribed on its face. Therefore, the purchasers, the LeComptes, have the burden of proving the claim has not prescribed. Gustin v. Shows, supra. We hold that the LeComptes have not met that burden of proof and that the LeComptes' third party claim against the Parkers has prescribed.
For the above and foregoing reasons, that part of the trial court's judgment in favor of the third party plaintiffs, Carl J. LeCompte and Helen LeCompte, and against the third party defendants, Stephen Michael Parker and Brenda Parker, is reversed. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are cast to the third party plaintiffs-appellees.
REVERSED IN PART, AFFIRMED IN PART and RENDERED.