416 So.2d 247 (1982)
Adelaide L. LANDRY, Plaintiff-Appellant,
v.
Adley LeBLANC, Defendant-Appellee.
No. 8792.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
Rehearing Denied July 21, 1982.
*248 Stanford B. Gauthier, II of Gauthier & Cedars, Breaux Bridge, for plaintiff-appellant.
Earl H. Willis, St. Martinville, for defendant-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
DOUCET, Judge.
Plaintiff-lessor brought suit to recover damages allegedly occasioned by defendant-leasee's removal of topsoil from the leased premises. Defendant asserted plaintiff's agent had authorized him to remove and haul away the soil, and presented parol evidence in support thereof, over plaintiff's objection, which was admitted. The trial judge held that lessor had not sustained her burden of proof and dismissed plaintiff's demands. Plaintiff appeals. We reverse.
The parties entered into a verbal farm lease for 8½ acres in 1976. The leasee, Adley LeBlanc, maintained the farm lease for the first year and the lease was thereafter verbally renewed for 1977 and 1978. Immediately after the third renewal period commenced, on or about April 1, 1978, lessee made arrangements with R. J. Thibodeaux Shell Yard, Inc. to remove the headland comprising the southeast portion of the property allegedly without lessor's permission. Thereafter, the lessor, Adelaide L. Landry, notified the lessee that the lease would not be renewed. Lessor additionally requested that the land be returned to its original condition by replacing the soil which had been removed earlier that year. Suit followed wherein the lessor claimed lessee's failure to return the property to its original condition resulted in damage to the property consisting of cost of returning the *249 property to its original condition. The lessee filed an exception of prescription which was overruled.[1] At trial on the merits, the lessee claimed that he received permission to remove the soil from one Lucien Landry, brother of plaintiff and lessor's alleged agent. Tommy Thibodeaux, whose father owned property adjacent to plaintiff's, testified that he excavated the unplowed land at the end of the plowed furrow on the leased premises at defendant's request and that the removal thereof improved the drainage of both fields. Plaintiff denied any authorization to alter the property.
The trial judge was of the opinion that the lessor failed in her burden of proof and rendered judgment in favor of lessee. Plaintiff-lessor appeals alleging that the trial court committed manifest error in ruling that she had not established her case by preponderance of evidence; and that the trial judge erred in admitting parol evidence relative to the alleged agent's authorization for defendant to remove the soil.
Plaintiff alleged in her pleadings that she owned the property involved herein; that the property was leased to defendant; that defendant removed the soil without her permission; that the leasee was informed that the lease would terminate; that defendant was instructed to cease his actions and return the soil, and as a result of leasee's refusal thereof plaintiff suffered damages, to-wit: loss in property value, drainage and erosion problems. Defendant answered asserting the affirmative defense of mandate, alleging plaintiff's brother, Lucien Landry, as agent of lessor, had granted authority for removal of the topsoil.[2] Our review of the record discloses that plaintiff substantiated her allegation that defendant breached the verbal lease.[3] The only matter seriously disputed is whether leasee's removal of the soil was authorized. Thus resolution of the dispute turns on whether defendant established the affirmative defense of mandate.
Topsoil is immovable as tracts of land with their component parts are immovables. LSA-C.C. Art. 462. Comment (c) to Art. 462 provides: "Lands may be defined as portions of the surface of the earth. The ownership of land carries, by accession, the ownership of `all that is directly above and under it.' C.C. Art. 505 (1870)."[4] Related thereto is the Louisiana Mineral Code Section listing substances to which the code applies: "The provisions of this Code are applicable to... rights to explore for or mine or remove from the land the soil itself..." LSA-R.S. 31:4. The right to minerals is an incorporeal immovable. LSA-R.S. 31:18. Thus, whether Civil Code or Mineral Code articles are applied, the result remains the same that the interest asserted herein is to an immovable. cf: LSA-R.S. 31:2. Plaintiff-owner's topsoil did not become movable by its placement in trucks to be hauled away.
As the property involved was immovable, any transfer of ownership thereto was required to be in writing. LSA-C.C. Art. 2275. Indeed any dealing with realty, onerous or gratuitous, must be in writing unless the adverse party admits under oath that he made a contract affecting realty. Williams v. Alexander, 193 So.2d 94 (La. App. 1st Cir. 1966). Mineral leases are subject to this requirement of writing. Bills v. *250 Fruge, 360 So.2d 661 (La.App. 3rd Cir. 1978) writ. denied 362 So.2d 792. As there was no such admission under oath, the verbal sale of immovable property was null.[5] LSA-C.C. Art. 2440. That the parties admittedly had a preexisting lease agreement is of no consequence as the oral lease did not effect an ownership transfer of the immovable topsoil. In this regard it should be noted that we are not concerned with defendant's use of the immovable property per se, to which the parol evidence prohibition would not apply, but rather the transfer thereof. It is the rights to immovables acquired under a lease which cannot be established by parol evidence. Noble v. Plouf, 154 La. 429, 97 So. 599 (1923); Landis v. Agnew, 154 La. 435, 97 So.2d 601 (1923); Slay v. Smith, 368 So.2d 1144 (La.App. 3rd Cir. 1979); Guy Scroggins, Inc. v. Emerald Exploration, 401 So.2d 680 (La.App. 3rd Cir. 1981) writ denied 404 So.2d 1257.
Likewise, parol evidence could not be received to prove an agency to buy or sell immovable property, McKenzie v. Bacon, 40 La.Ann. 157, 4 So. 65 (1888). A contract to sell affecting title to immovable property is required to be in writing and any mandate authorizing Lucien Landry to dispose of such property must have been express, special, and also in writing. LSA-C.C. Art. 2997; Tchoupitoulas, Inc. v. McCullough, 349 So.2d 346 (La.App. 4th Cir. 1977), writ denied 351 So.2d 166. None of the above formalities were followed. In fact, Lucien Landry testified at trial that he did not authorize lessee-LeBlanc to remove the soil. The trial judge erred in admitting parol evidence concerning Landry's alleged mandate.
Considering all admissable evidence we conclude that the trial judge was clearly wrong in finding plaintiff had failed to establish her claim by a preponderance of evidence. Accordingly we turn to the issue of damages. Clarence Thibodeaux, a civil engineer accepted as an expert in said field, estimated that 287 cubic yards of soil had been removed from the headland. According to Miller Lewis, Jr., who was accepted as a "dirt hauling" expert, the cost of a seven yard load, or truck full, of dirt was $59.20[6], and testified that forty (40) loads would be required to fill the excavation in question. Clarence Begnaud, a motor grader operator expert, testified that the cost to level the dirt is $100.00. Defendant offered no testimony to controvert these figures. Therefore we find that the sum required to return the property to its original condition to be Two Thousand, Four Hundred Sixty-Eight ($2,468.00) Dollars[7] and hereby award plaintiff this sum as damages with legal interest from the date of judicial demand. Furthermore, we hereby assess expert witness fees as follows: Two Hundred ($200.00) Dollars to Clarence Thibodeaux, and One Hundred ($100.00) Dollars each to Messrs. Lewis and Begnaud. All costs, both at the trial level and on appeal, are taxed to Defendant-appellee.
For the reasons set forth above the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be a judgment herein in favor of the plaintiff, Adelaide L. Landry, and against the defendant, Adley LeBlanc, for the sum of $2,468.00, together with legal interest thereon from date of judicial demand until paid, and all costs, both in the trial court and of this appeal.
REVERSED AND RENDERED.
NOTES
[1] Defendant's exception sought to characterize plaintiff's action as one in tort however plaintiff's petition is labeled "Suit for Breach of Contract and Damages". The petition failed to specify violation of the terms of the lease. The trial judge, applying LSA-C.C.P. Art. 865, requiring construction of pleadings so as to do substantial justice, construed the cause of action to be one for breach of an oral lease agreement and overruled the exception. The existence of lease between the parties is not seriously disputed. The defendant neither answered nor appealed, therefore we need not address this issue.
[2] At the time of trial plaintiff, an elderly woman, was confined to a nursing home, apparently too ill to testify. Lucien Landry attended to much of the leasing responsibilities on her behalf.
[3] Leases may, of course, be either written or verbal. LSA-C.C. Art. 2683.
[4] Former Article 505 is reproduced in LSA-C.C. Art. 490.
[5] Defendant denies having received any money for the soil from R. J. Thibodeaux Shell Yard, nonetheless both parties thereto admit receipt of non-monetary consideration.
[6] Mr. Lewis' estimate was based upon a figure of $55.00 per load plus 60¢ per yard representing the cost of the dirt.
[7] $59.20 × 40 = $2,368.00 + $100.00 = $2,468.00.