liAMY, Judge,
dissenting in part.
I respectfully dissent from the majority’s conclusion that imputes bad faith to Mrs. Ducote’s three daughters, Mary, Pamela, and Paula, based on their finding that Mrs. Du-cote acted as an agent for them in the sale of this immovable property. It is well established that any mandate authorizing an agent to sell immovable property must-be express, special, and also in writing. La.Civ.Code art. 2997; Landry v. LeBlanc, 416 So.2d 247 (La.App. 3 Cir.1982); See also, La.Civ.Code arts. 2992,1832 and 1839. The record before us does not establish that Mrs. Ducote’s three daughters gave her an express, special, written mandate to sell the property to the Brouillettes; nor does the record establish that the Brouillettes relied on any assertion from Mrs. Ducote that she was acting as an agent for her daughters. Further, Mary, Pamela, and Paula represented themselves at the sale as heirs of their father’s ⅜ ownership of the house at issue. Accordingly, I conclude that there is an absence of 12proof that Mrs. Ducote was acting as an agent for her daughters when the house was sold to the Brouillettes.
Therefore, Mary, Pamela, and Paula, could only be liable for attorney’s fees if they knew of the vice at the time of sale but failed to declare it. La.Civ.Code art. 2545. Further, since they were neither the manufacturer nor builder of the house, they were not presumed to know of the defect; it had to be proven by the Brouillettes that the daughters had actual knowledge of the defect. Rider v. LeCompte, 398 So.2d 114 (La.App. 3 Cir.1981). Whether a vendor actually knew of the defect and failed to declare it at the time of sale is a question of fact that will not be disturbed by an appellate court in the absence of manifest error. Speciale v. Ward, 378 So.2d 157 (La.App. 1 Cir.1979).
In my opinion, the record does not prove that any of the three daughters actually knew of the termite problem in the house at the time of the sale. In fact, Mary, who was the only daughter to testify at trial, stated that (1) she did not know there were termites in the house; (2) it had been 22 years since she lived in the house; (3) she had not been in the house for approximately 5 to 10 years; (4) that her two sisters, Pamela and Paula, had also not been in the house for a long time; (5) there was very little communication between the daughters and their mother because they did not get along very well; and (6) the daughters did not contact the Brouil-lettes prior to the sale to discuss the house or terms of the sale. Clearly, the Brouillettes failed to prove that the daughters actually knew of the termite problem at the time of the sale and failed to declare it. Thus, I conclude that the trial court was not manifestly erroneous in finding only Mrs. Ducote in bad faith, and subsequently, awarding attorney’s fees payable only by the Estate of Bernice Ducote. Accordingly, |gthe daughters should not be solidarity liable with their mother for the majority’s awards pursuant to La.Civ.Code art. 2545.
Finally, I respectfully dissent from the majority’s award of general damages to the Brouillettes. The trial court found that they failed to prove general damages, in the form of mental anguish, at trial. Whether a plaintiff is entitled to damages is a question of fact. Breaux v. Wal-Mart Stores, 93-1035 (La.App. 3 Cir. 4/6/94), 635 So.2d 667, writ denied, 94-1098 (La. 6/24/94); 640 So.2d 1347. An appellate court may set aside a finding of fact only if it is manifestly erroneous. Freyou v. Iberia Parish School Board, 94-1371 (La.App. 3 Cir. 5/3/95), 657 So.2d 161. In my view, it was not manifestly erroneous for the trial court to conclude that the Brouillettes failed to prove their claim for general damages.